**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DEMEKA JOHNSON,
<u>Plaintiff-Appellee,</u>

and

ERIC BROOKS; REGINALD DERRICKSON;
MOHMED IBRAHIM; MAXINE JAMES;
ARTIS KENDALL; BERNARD
LIVINGSTON; HAROLD MOORE;
STANLEY SIMS; STEVEN TAYLOR; H.

ALEXANDER RICHARDSON,
<u>Plaintiffs,</u>

v.

CIRCUIT CITY STORES, INCORPORATED,
<u>Defendant-Appellant.</u>

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
<u>Amicus Curiae.</u>

No. 99-1449

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-95-3296-DKC)

Argued: December 2, 1999

Decided: January 12, 2000

Before WIDENER and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** David E. Nagle, LECLAIR RYAN, Richmond, Virginia, for Appellant. Brian H. Corcoran, HOWREY & SIMON, Washington, D.C., for Appellee. Robert John Gregory, Office of General Counsel, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae. **ON BRIEF:** Ellen Duffy McKay, LECLAIR RYAN, Richmond, Virginia; Rex Darrell Berry, DAVIS, GRIMM & PAYNE, Seattle, Washington, for Appellant. William R. O'Brien, Patricia G. Butler, HOWREY & SIMON, Washington, D.C.; Warren Kaplan, THE WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS, Washington, D.C., for Appellee. C. Gregory Stewart, General Counsel, Vincent J. Blackwood, Assistant General Counsel, Jodi B. Danis, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On October 31, 1995, a group of current and former employees of Circuit City Stores, Inc. (Circuit City) filed this action in the United States District Court for the District of Maryland, alleging that Circuit City engaged in racially discriminatory promotion practices in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to -17 (1994). Johnson joined this suit prior to the plaintiffs' filing of their second amended complaint, and in the second amended complaint, Johnson alleged that Circuit City engaged in discriminatory employment practices in violation of 42 U.S.C. § 1981. Johnson's position in the lawsuit is unique and different from that of the other plaintiffs in that she is the only plaintiff who was never employed by Circuit City, but rather, was merely an applicant for employment.

2

On November 20, 1996, prior to any discovery on Johnson's claim, Circuit City filed a motion for summary judgment seeking the dismissal of Johnson's claim on the basis that she was bound by an agreement to arbitrate any claims arising out of her application for employment. In her response, Johnson contended that the arbitration agreement was unenforceable because it lacked consideration, it was not a transaction involving interstate commerce, and it did not allow the arbitrator to award the relief granted by § 1981 or Title VII, thereby preventing her from vindicating her statutory rights. On May 30, 1997, the district court entered an order and memorandum opinion denying Circuit City's motion for summary judgment, holding that, under Maryland contract law, the arbitration agreement was void for lack of consideration. Circuit City moved the district court to certify an appeal on its denial of summary judgment. The district court granted Circuit City's motion to certify the appeal pursuant to 28 U.S.C.A. § 1292(b) and we elected to hear it.

On appeal, Circuit City argued that the arbitration agreement was supported by sufficient consideration. In response, Johnson argued that the arbitration agreement was not supported by sufficient consideration and, in the alternative, was void because it was not a transaction involving interstate commerce, and it did not allow the arbitrator to award the relief granted by § 1981 or Title VII, thereby preventing her from vindicating her statutory rights.

On July 1, 1998, we held that the arbitration agreement was supported by sufficient consideration. For this reason, we vacated the district court's judgment. However, because the district court only ruled upon the issue of consideration, we declined to address Johnson's other challenges to the enforceability of the arbitration agreement. Consequently, we remanded the case to the district court for the limited purpose of considering Johnson's alternative grounds for challenging the enforceability of the arbitration agreement. See 28 U.S.C.A. § 2106 (West 1994); 16 Charles Allan Wright et al., Federal Practice and Procedure § 3937.1, at 697-712 (1996).

On remand, the district court, after rejecting all of Johnson's other objections to the enforceability of the arbitration agreement, held that the arbitration agreement was unenforceable because it failed to "provide [Johnson] with the full set of remedies to which she would be

3

entitled under Section 1981," and thus, shielded"Circuit City from the full force of Section 1981" and prevented Johnson from "vindicating her rights." (J.A. 262-63). Accordingly, the district court denied Circuit City's motion for summary judgment, and the case returned to this court.

Upon review of the briefs and the record, and after consideration of oral arguments, we conclude that the district court correctly denied Circuit City's motion for summary judgment for the reasons stated in its opinion. Accordingly, we affirm on the reasoning of the district court. See Derrickson v. Circuit City Stores, Civ. A. No. DKC 95-3296 (D. Md. Mar. 19, 1999).

AFFIRMED

4